**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ASHTON KRUKOWSKI,

          *Petitioner*,

vs.

UNITED STATES, *et al.*

          *Respondents*.

Case No. 2:16-cv-02445-APG-VCF

**ORDER**

      This action, commenced as a habeas matter, comes before me for initial review as well as on petitioner's motion for appointment of counsel. ECF No. 5.  Petitioner has paid the $5.00 filing fee for a habeas action.  The papers presented are subject to multiple deficiencies.

      First, under Local Rule LSR 3-1, a habeas petition must be filed on the court's required form. In a case such as this, where the petitioner seeks federal pretrial intervention in a pending state criminal proceeding prior to any judgment of conviction, the petitioner must use the required form for a petition under 28 U.S.C. § 2241.  The petitioner may not submit a handwritten petition as he has done here.

      Second, the petition fails to name a proper respondent for a habeas matter and instead names a multitude of parties who are not proper respondents in a habeas matter.  Generally, there is only one proper respondent to a § 2241 habeas petition challenging current physical custody, and that respondent is the petitioner's immediate physical custodian. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 434-36 (2004). Petitioner therefore must name as a respondent his immediate physical custodian: *i.e.,* the chief officer in charge of the facility in which he is detained.  The respondents named in the present petition – who appear to be parties from whom petitioner wishes to recover damages – are not proper respondents.  Moreover, an action may not be brought directly against either the United States of America or the State of Nevada due to sovereign immunity.  The state sovereign immunity recognized by the Eleventh Amendment prohibits an action directly against a State. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).

////

Third, the petition seeks to assert claims for monetary, declaratory, and injunctive relief that may be available in a civil rights action under 42 U.S.C. § 1983 but which are not available in a habeas proceeding. Habeas and § 1983 actions constitute mutually exclusive remedies. Habeas is the exclusive vehicle for claims brought by prisoners and detainees that fall within the core of habeas, *i.e.*, claims challenging the validity or duration of confinement. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016)(*en banc*), *petition for cert. filed*, No. 16-6556 (Oct. 21 2016). A section 1983 lawsuit, in contrast, "is the exclusive vehicle for claims brought by state prisoners [and detainees] that are not within the core of habeas corpus." *Id.* If a prisoner or detainee seeks to pursue claims for relief that are available only via § 1983, he must comply with the procedural requirements for a § 1983 action, including, among other things, either payment of the $400.00 filing fee or satisfaction of the requirements for pauper status under the Prison Litigation Reform Act (PLRA). *See Nettles*, 830 F.3d at 931-33. The petitioner may not circumvent the procedural requirements for a § 1983 action by recasting his claims as a purported habeas petition and paying the $5.00 filing fee for a habeas action.[1]

Fourth, to the extent that petitioner does *arguendo* challenge the validity or duration of his confinement, the petition potentially is subject to equitable restraint under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1970). As a general rule, even when the claims in a petition, *arguendo*, otherwise have been fully exhausted in the state courts, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*. Under the *Younger* abstention doctrine, federal courts may not interfere with

---

[1] This Court has dismissed two prior civil rights actions filed by petitioner for failure to satisfy sundry procedural requirements, including either payment of the $400.00 filing fee or timely submission of a properly completed pauper application for an inmate or detainee. See 2:16-cv-01701-APG-VCF and 2:16-cv-01782-APG-PAL. Petitioner cannot accomplish an "end run" around these requirements simply by filing a purported habeas action with a $5.00 filing fee.

pending state criminal proceedings absent extraordinary circumstances.

Due to these multiple deficiencies, the petition will be dismissed without prejudice, with leave to amend to correct the deficiencies identified herein if possible. Should he amend, the petitioner will be directed to show cause why the amended petition should not be dismissed without prejudice under the *Younger* abstention doctrine.

On the motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court, and absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986). I do not find that the interests of justice require the appointment of federal habeas counsel herein. The petitioner has demonstrated an adequate ability to present his position in multiple *pro se* filings in the state and federal courts, and the issues in this matter are not unduly complex. The motion therefore will be denied.

**IT THEREFORE IS ORDERED** that the petition is DISMISSED without prejudice, as to all respondents herein, with leave to amend within **thirty (30) days** of entry of this order to correct the deficiencies identified herein, to the extent possible. If the petitioner does not timely file an amended petition that corrects these deficiencies, final judgment will be entered dismissing this action without further advance notice.

**IT FURTHER IS ORDERED** that, if the petitioner files an amended petition in response to this order, he shall at that same time SHOW CAUSE in a separate filing why final judgment should not be entered dismissing the amended petition without prejudice based upon *Younger* abstention. If the petitioner fails to respond to this show cause order and/or fails to show adequate cause, final judgment will be entered dismissing this action without further advance notice. All factual assertions must be specific and supported by competent evidence, such as a declaration under penalty of perjury based upon personal knowledge. Unsupported or nonspecific factual assertions will be disregarded.

**IT FURTHER IS ORDERED** that petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, **2:16-cv-02445-APG-VCF**, above the word "AMENDED." Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are omitted from the amended petition and that are not re-alleged therein no longer will be before the court in this matter.

**IT FURTHER IS ORDERED** that petitioner's motion for appointment of counsel **(ECF No. 5) is DENIED**.

Given the concerns of federalism and comity implicated by the pendency of this federal action, no extension of time will be granted to show cause in response to this order except in the most compelling of circumstances. Nothing in either this court's orders to date or the mere pendency of this action in any manner restrains the state courts from proceeding in the pending criminal prosecution.

The Clerk of Court shall SEND petitioner a copy of an AO-242 form for a § 2241 petition, which is available on the J-Net forms page, and a copy of the petition that he filed.

The Clerk additionally shall mail an informational hard copy of this order to the Hon. Douglas E. Smith, District Judge, Regional Justice Center, 200 Lewis Ave., Las Vegas, NV 89155, in connection with No. C-16-312854-1 in the state district court.

DATED: November 10, 2016.

_____
ANDREW P. GORDON
United States District Judge