UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ASHTON KRUKOWSKI,

                *Petitioner*,

vs.

UNITED STATES, *et al.*

                *Respondents*.

Case No. 2:16-cv-02445-APG-VCF

**ORDER**

    This habeas matter comes before the Court on petitioner's second motion (ECF No. 7) for appointment of counsel as well as for continuing initial review on, *inter alia*, a *sua sponte* inquiry as to whether abstention is required.

    In denying petitioner's first motion for appointment of counsel, the Court found that the interests of justice did not require the appointment of federal habeas counsel. Petitioner has demonstrated an adequate ability to present his position in multiple *pro se* filings in his state criminal proceedings in the state district court,[1] in the Supreme Court of Nevada, and in actions filed in federal court.

    In his second motion, petitioner seeks appointment of counsel "under the Rehabilitation Act," and he makes a conclusory, unsworn assertion that he "is having a very difficult time . . . Rehabilitating from injuries." Petitioner's suggestion that he is unable to present his position without the assistance of counsel due to unspecified injuries again is contradicted by his multiple filings in the state and federal courts in which he has been able to adequately articulate his position. Petitioner similarly

---

[1] The state district court's online docket sheet reflects that petitioner is represented by counsel in the state criminal proceedings, but he has filed *pro se* papers in those proceedings.

referred in a declaration submitted with the original petition to "prior injuries and rehabilitating before being subjected to the events of 2/5/16." ECF No. 1, at 14. Yet he was able to file extensive papers in this matter at that time. Moreover, petitioner neither has applied for nor been granted pauper status in this matter, and he therefore has not established financial eligibility for appointment of counsel under 18 U.S.C. § 3006A. The second motion for appointment of counsel therefore will be denied.

The prior screening order dismissed the original handwritten petition without prejudice to the filing of a new petition on the required petition form. The order informed petitioner:

> Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are omitted from the amended petition and that are not re-alleged therein no longer will be before the Court in this matter.

ECF No. 6, at 4.

Petitioner's amended petition (ECF No. 8) includes no allegations. Petitioner – who is seeking federal pretrial intervention in a pending state criminal proceeding – indicates that he is challenging "everything" in the state criminal proceeding. As for relief requested, he states: "appoint counsel to discuss." Petitioner presented the amended petition in this manner despite having presented a thirteen-page original petition with extensive allegations.

The amended petition will be dismissed without prejudice for failure to state a claim upon which relief may be granted. Habeas pleading is not notice pleading, and a habeas petitioner must state the specific facts that allegedly entitle him to habeas relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). The habeas pleading rules similarly require more than "mere conclusions of law, unsupported by any facts." *Mayle*, 545 U.S. at 655. A habeas petitioner instead must "state facts that point to a real possibility of constitutional error." *Id.* The current amended pleading – which supercedes the prior pleading – literally states no claims whatsoever. There thus are no claims before the Court.

Moreover, the Court is not appointing, and will not appoint, counsel for petitioner to prepare a petition in this matter. Petitioner, who has demonstrated on multiple occasions the capacity to adequately state his position, is seeking the extraordinary remedy of federal pretrial intervention in a pending state criminal proceeding where he is represented by counsel. If petitioner fails to initially

present a potential basis for such extraordinary relief *pro se*, the matter simply will be dismissed.

The prior screening order further informed petitioner that he had failed to name a proper respondent and that he must name the chief officer in charge of the detention facility as respondent. In the purported amended petition, petitioner instead named as respondents: "United States District of Nevada, et al., 8th District of Clark County, Nevada, Detention Center." Neither the federal district court nor the state district court are proper respondents in this matter. An unspecified "detention center" further is a building, not a proper respondent. Again, petitioner must name his immediate physical custodian, *i.e.*, the chief officer in charge of the detention facility, as respondent. If he again ignores the Courts orders and fails to do so, the matter simply will be dismissed.

The prior screening order further directed petitioner to show cause why the action should not be dismissed without prejudice under the *Younger* abstention doctrine:

> [T]o the extent that petitioner does *arguendo* challenge the validity or duration of his confinement, the petition potentially is subject to equitable restraint under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1970). As a general rule, even when the claims in a petition, *arguendo*, otherwise have been fully exhausted in the state courts, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*. Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances.

. . . . .

> **IT FURTHER IS ORDERED** that, if petitioner files an amended petition in response to this order, he shall *at that same time* SHOW CAUSE in a separate filing why final judgment should not be entered dismissing the petition, as amended, without prejudice based upon *Younger* abstention. If petitioner fails to respond to this show cause order and/or fails to show adequate cause, final judgment will be entered dismissing this action without further advance notice. All factual assertions must be specific and supported by competent evidence, such as a declaration under penalty of perjury based upon personal knowledge. Unsupported and/or nonspecific factual assertions will be disregarded.

. . . . .

> Given the concerns of federalism and comity implicated by the pendency of this federal action, no extension of time will be granted to

Case 2:16-cv-02445-APG-VCF   Document 9   Filed 12/05/16   Page 4 of 6

<u>show cause in response to this order except in the most compelling of circumstances</u>.  Nothing in either this Court's orders to date or the mere pendency of this action in any manner restrains the state courts from proceeding in the pending criminal prosecution.

ECF No. 6, at 2-4 (underline and bold italic emphasis added).

Petitioner did not file a show-cause response with the amended petition.

The Court will give petitioner one final opportunity to respond to all directives in the prior order, to file a proper amended petition against a proper respondent, and to show cause why the action should not be dismissed based upon *Younger* abstention.

If petitioner again fails to file a proper amended petition against a proper respondent, final judgment will be entered dismissing this action without further advance notice.

If petitioner again fails to show cause why the action should not be dismissed based upon *Younger* abstention, final judgment will be entered without further advance notice.

If petitioner instead files another dilatory motion, final judgment will be entered dismissing this action without further advance notice.  Filing another motion for appointment of counsel or a motion for an extension of time, for example, will not delay immediate entry of final judgment if the motion is denied.  Petitioner must timely and fully comply with the Court's orders even if he seeks other relief.

**IT THEREFORE IS ORDERED** that the amended petition is DISMISSED without prejudice, as to all respondents herein, with leave to amend within **fourteen (14) days** of entry of this order to correct the deficiencies identified herein, to the extent possible.  If petitioner does not timely file an amended petition that corrects the deficiencies identified herein, including as to the respondent named, final judgment will be entered dismissing this action without further advance notice.

**IT FURTHER IS ORDERED** that petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, **2:16-cv-02445-APG-VCF**, above the word "AMENDED."  Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers.  Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court.  Any claims or allegations that are omitted from the amended petition and that are not re-alleged therein no longer will be before the

Court in this matter.

**IT FURTHER IS ORDERED** that, within **fourteen (14) days** of entry of this order, petitioner shall comply with the Court's prior show-cause order (ECF No. 6) and shall SHOW CAUSE in a separate filing why final judgment should not be entered dismissing the petition, as amended, without prejudice based upon *Younger* abstention. If petitioner again fails to respond to the show cause order and/or fails to show adequate cause, final judgment will be entered dismissing this action without further advance notice. All factual assertions must be specific and supported by competent evidence, such as a declaration under penalty of perjury based upon personal knowledge. Unsupported and/or nonspecific factual assertions will be disregarded.

**IT FURTHER IS ORDERED**, given that the present order directs a response to a prior order that already has been received and reviewed by petitioner and further given that petitioner is detained locally, all deadlines herein are actual filing deadlines rather than mailing deadlines. If a proper amended petition and a show-cause response have not been received and filed by the Clerk of Court within **fourteen (14) days** of entry of this order, the action will be subject to dismissal immediately thereafter without further delay or advance notice. Petitioner therefore must mail his submissions in time for the submissions to be actually filed within **fourteen (14) days** of entry of this order.

**IT FURTHER IS ORDERED** that petitioner's second motion (ECF No. 7) for appointment of counsel is DENIED.

Given the concerns of federalism and comity implicated by the pendency of this federal action, no extension of time will be granted to show cause in response to this order except in the most compelling of circumstances. Nothing in either this Court's orders to date or the mere pendency of this action in any manner restrains the state courts from proceeding in the pending criminal prosecution.

The Clerk of Court, prior to mailing this order, shall include petitioner's detention center identification number, 1875136, in his mailing address on the docket sheet.

The Clerk further shall SEND petitioner a copy of an AO-242 form for a § 2241 petition, which is available on the J-Net forms page.

/ / / /

/ / / /

/ / / /

The Clerk additionally shall mail an informational hard copy of this order to the Hon. Douglas E. Smith, District Judge, Regional Justice Center, 200 Lewis Ave., Las Vegas, NV 89155, in connection with No. C-16-312854-1 in the state district court.

DATED: December 5, 2016

_____
ANDREW P. GORDON
United States District Judge