UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ASHTON KRUKOWSKI,

            *Petitioner*,

vs.

UNITED STATES, *et al.*

            *Respondents*.

Case No. 2:16-cv-02445-APG-VCF

**ORDER**

       This habeas matter under 28 U.S.C. § 2241 comes before the Court on, *inter alia*, a *sua sponte* inquiry as to whether *Younger* abstention is required.

       Following two screening orders and an extended opportunity to correct the deficiencies in this action, the papers presented still are subject to multiple substantial deficiencies.

       First, petitioner has failed to demonstrate extraordinary circumstances establishing that abstention is not required.

       The prior show-cause order, which is incorporated herein as if set forth *in extenso*, sets forth the governing law. See ECF No. 6, at 2-3.

       The Court has twice directed petitioner to show cause why the action should not be dismissed without prejudice under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1970), because petitioner is seeking federal pretrial intervention in a pending state criminal proceeding.

       Petitioner has not timely responded. The final deadline – which was extended after petitioner failed to respond by the initial deadline – passed on December 20, 2016. The prior order stated that the final deadline, in the circumstances presented, was an actual filing deadline rather than a deadline for constructive filing by mailing. See ECF No. 9, at 5.

1  Petitioner has failed to demonstrate extraordinary circumstances establishing a basis for federal intervention in a pending criminal proceeding. The action accordingly must be dismissed without prejudice based on *Younger* abstention.

Second, the petition, as amended, states no claims. See ECF No. 9, at 2. Petitioner has failed to timely file an amended petition stating claims in response to the second screening order and/or to otherwise present a pleading correcting the deficiencies identified in the two screening orders. On the only amended pleading on file, the action therefore further is subject to dismissal for a failure, literally, to state a claim upon which relief may be granted.

Third, petitioner has failed to name a proper respondent after having been given an opportunity to do so. See ECF No. 6, at 1; ECF No. 9, at 3. Petitioner has failed to name his immediate physical custodian as a respondent. In his most recent filing – which was a deficient notice rather than an amended petition – petitioner instead continued to seek to name multiple respondents who clearly are not his custodian. Moreover, he continued to attempt to name the United States, which has sovereign immunity, as a respondent despite the first screening order. Compare ECF No. 6, at 1 with ECF No. 11. The second screening order clearly stated that if petitioner continued to ignore the Court's orders and failed to name his immediate physical custodian as respondent "the matter simply will be dismissed." ECF No. 9, at 3.

The Court further notes that petitioner's most recent filings confirm that he continues to be able to access the courts to file papers. See ECF Nos. 10 and 11. Petitioner had presented a conclusory contention that appointment of counsel was required because he was "rehabilitating from injuries," notwithstanding his multiple prior filings subsequent to the unspecified alleged injuries. See ECF No. 9, at 1-2 & 3-4. Petitioner similarly demonstrated his ability to continue filing papers *pro se* on December 12, 2016, in Nos. 71117 and 71118 in the Supreme Court of Nevada.[1]

Due to the multiple continuing deficiencies presented, the action accordingly will be dismissed without prejudice by a final judgment. See ECF No. 9, at 4 (final notice).

---

[1] The Court takes judicial notice of the online docket records of the state supreme court, which may be accessed at: http://nvcourts.gov/Supreme/# .

**IT THEREFORE IS ORDERED** that this action shall be DISMISSED without prejudice.

**IT FURTHER IS ORDERED** that all motions pending at entry of the judgment of dismissal are DENIED.[2]

**IT FURTHER IS ORDERED** that a certificate of appealability is DENIED. Jurists of reason would not find the Court's dismissal of this action on the procedural grounds discussed herein to be debatable or incorrect.

**IT FURTHER IS ORDERED**, given petitioner's vexatious pattern of filings in the state and federal courts, that the Clerk of Court shall designate petitioner as a restricted filer on the docket sheet in this action and shall accept no further papers submitted by petitioner after entry of judgment other than papers presented to perfect an appeal from the order and judgment of dismissal.

**IT FURTHER IS ORDERED**, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk shall add Nevada Attorney General Adam P. Laxalt as counsel for respondents and shall direct a notice of electronic filing of this order and the final judgment to his office. **No response is required other than to respond to any orders of a reviewing court.**

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

The Clerk additionally shall mail an informational hard copy of this order to the Hon. Douglas E. Smith, District Judge, Regional Justice Center, 200 Lewis Ave., Las Vegas, NV 89155, in connection with No. C-16-312854-1 in the state district court.

DATED: December 22, 2016.

_____
ANDREW P. GORDON
United States District Judge

---

[2] Petitioner's motion to remove the action to the United States Court of Federal Claims is frivolous even without regard to petitioner's frivolous attempt to name the United States as a respondent herein. See ECF No. 10.

The second show-cause order clearly informed petitioner that he was required to timely and fully comply with the Court's orders even if he sought other relief. ECF No. 9, at 4. Any motions filed therefore do not provide a basis for his noncompliance.